Ex Parte Tilén et al.

Appeal from the District Court of San Juan.

No. 53.—Decided February 25, 1907.

Bond of Guardian—Liability of Sureties for Guardian.—The liability of sureties on a guardian's bond extends over the entire period of his office, and only where a guardian presents new sureties and the accounts of his guardianship are approved to that date, or where he ceases to discharge the duties of his office for any of the reasons recognized by the law can the sureties be relieved of this obligation, and a guardian will not be required to constitute a new bond.

The facts are stated in the opinion.
*Messrs. Acuña and Méndez* for appellants.
The respondent did not appear.
Mr. Chief Justice Quiñones delivered the opinion of the court.

Attorneys Acuña and Méndez filed a petition in the above entitled cause in the District Court of San Juan, on behalf of

Pedro Ma. Tilén and Juan Frese,. alleging that their clients
had furnished a bond in the sum of $2,000 to guarantee José
Hernández Velez, in the discharge of his duties as guardian
of the minor, Isolina Costales; that the appointment as guar-
dian had been made by the said court on April 13, 1905, and
had been recorded in the proper registry on the 15th of said
month and year; that their clients believe that Mr. Hernán-
dez, whom they have bonded, does not observe with reference
to the guardianship the diligence desirable in matters of this
character, and in view of the possibility of an early insolvency,
their clients had decided to withdraw the bond furnished in
said case, instituting these proceedings for said purpose; that
as the furnishing of a bond is a voluntary contract, no person
can be obliged to continue furnishing it in cases in which,
like this one, the person principally liable may become insol-
vent, without any fault on the part of the sureties, who would
in the end have to make good the obligations contracted; that
according to subdivision 2 of section 1744 of the Civil Code,
a surety may proceed against the principal debtor, even be-
fore paying in cases of insolvency, but rather than to have re-
course to this remedy, which is always harsh, the petitioners
prefer to withdraw the bond furnished without the sureties
against constituting it; that in view of the fact that para-
graph 2 of section 275 of the Revised Civil Code, does not
permit a bond to be canceled until the tutor, having had the
accounts of his tutorship approved, shall have discharged all
the responsibilities of his management, the court should in the
first place summon Mr. Hernández, through the marshal, to
render an accounting of the guardianship to date, within the
term which may be allowed him; that these accounts be ex-
amined by the court, with the intervention of the *fiscal;* and
that if no objections are made thereto, that an order be made
approving them, and, at the same time, exonerating the peti-
tioners from all their liabilities, and consequently totally can-
celling the bond furnished, and ordering the tutor to furnish a
new bond; and that in the event, which is not very probable,

that there may be any liabilities to enforce, the sureties do not seek to evade them in any manner and stand ready to make them good the moment the court shall so order, but even in such case do the sureties desire to withdraw the bond in question.

The district court granted the foregoing petition and ordered that the said guardian be summoned by the marshal to render an accounting of the guardianship within a period of fifteen days, and provide new sureties, and that upon this having been done, the court would decide what might be proper.

Under date of June 15, 1906, Attorney Manuel Moraza, in compliance with the order of said district court, filed a petition on behalf of his client, José Hernández, the guardian of the minor Isolina Costales, containing a duly justified account of all the expenses incurred on behalf of said minor since April 22 of said year, including all the receipts and expenditures to date, and alleging furthermore that as it was the intention of Hernández to relinquish the trust of guardian which he had been discharging, he desired to avoid the trouble of presenting additional accounts, and that the numerous occupations of Hernández preventing him from continuing as guardian of the minor referred to, he prayed the court to accept the accounts and approve them, and to consider at the same time the office of guardian which Hernández had been holding to have been relinquished, appointing in his stead the person whom the court might see fit. The court made the following order on this petition:

"District Court of San Juan. No. 273. *Pedro Ma. Tilén et al., ex parte. In re* the cancellation of a bond. *Order.*—Before finally deciding the petition of the sureties of the guardian of the minor Isolina Costales, it is ordered that said guardian furnish a new bond in the sum fixed. Then, and after the approval of the accounts of the guardianship, the bond furnished by the petitioners will be canceled. And in the event that the guardian appointed should be un-

able to continue discharging the functions of the guardianship, let him so state and state the causes and furthermore let him suggest to the court a person of proper qualifications to take his place. And then, after the new appointment shall have been made and the guardian shall have furnished his bond, after the approval of the accounts of the former guardian, the bond furnished by the petitioners in the case in question shall be canceled. Rendered in open court this 30th day of March, 1906.—Emilio del Toro, judge. Attest: José E. Figueras, secretary.''

Counsel for Messrs. Tilén and Frese prayed for a reconsideration of the foregoing order, on the ground that as it was to be deduced therefrom that the obligation contracted by them was to continue in force while the guardian, José Hernández, was securing a new bond, such action was in conflict with the letter and spirit of the law and with the obligations assumed by the sureties in furnishing the bond, which were to guarantee the faithful performance by José Hernández of his duties as guardian; that a new guardian, with his respective bond, etc., referred to in the order the reconsideration of which is sought, has nothing to do with the liability of the sureties, especially when section 241 of the Civil Code vests the power in the court to provide for the care of the minor, either as to her person or her personal property, until a guardian shall be appointed; that no provision of law exists compelling a surety to continue as such in cases like the present one in which the principal has not incurred any liability, or in which, if any existed, the sureties are disposed to make it good, and that in the present state of these proceedings, the court should call for the accounts presented by the guardian, examine them with the intervention of the *fiscal* and approve them, if found correct, at the same time relieving the sureties of their liability, without prejudice to the proceedings being continued as to the furnishing of a new bond, etc., in which sense the reconsideration of the order transcribed is sought.

The District Court of San Juan rendered the following decision on the motion for a reconsideration of the order of March 30, 1906:

"*Pedro María Tilén, ex parte.* Cancellation of a bond. *Decision.*—The court made an order on March 30th last directing that José Hernández, the guardian, whose sureties the petitioners are, be required to state the causes upon which he bases his relinquishment of the guardianship and furthermore that he suggest a person to substitute him, and that after the new guardian had been designated and had furnished bond, the cancellation sought by the petitioners would be made, if the accounts of their principal were approved. A motion has been made by the petitioners for a reconsideration of this order, the grounds for their petition being set forth therein. The office of guardian cannot be renounced unless for a lawful cause duly shown, as provided by section 240 of the Civil Code, and, therefore, unless this be done, the guardian is obliged to discharge the guardianship which he accepted. The sureties of a guardian in constituting themselves as such, know, because they cannot be ignorant of the law, that their principal must continue to discharge his duties until the guardianship ceases, or until some cause shall arise which, without extinguishing the guardianship, results in the guardian discontinuing therein, and the appointment of another; and, therefore, that they contract their obligation for the entire term, he exercises the guardianship. Therefore, the obligation of the sureties expires at the same time as that of their principal (section 1748 of the Civil Code) and for the same causes as all other obligations; and as the obligation of José Hernández cannot cease except in the aforementioned cases, none of which is as yet present, the bond furnished for him by the petitioners cannot be considered to have expired or be cancelled, just because this now suits them, and, consequently, no requirement whatsoever can be made. If he shall present new sureties and they are approved, from that moment the obligation of the former sureties shall cease, upon the approval of the accounts to that date. Security in general is extinguished upon the expiration of the term for which it was furnished, the term as to bonds' furnished for guardians being the entire time of the duration of their duties. For these reasons, the court holds that a reconsideration or amendment of the order made in this matter on March 30th last, does not lie.—Pedro de Aldrey, judge of the first section. Attest: José E. Figueras, secretary."

The sureties, Tilén and Frese, through their counsel, Messrs. Acuña and Méndez, took an appeal to this Supreme Court from this decision and its concordant order of March 30th.

We think that the decision rendered by the first section of the District Court of San Juan on April 11, 1906, which has been transcribed in full, conforms perfectly to the law, and, therefore, we are of the opinion that it should be affirmed in every respect, with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.